**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LINDA OPOTOWSKY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1480** |
| **THE PAUL REVERE LIFE**<br>**INSURANCE COMPANY, ET AL.** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff Linda Opotowsky ("Plaintiff") brings this suit against Defendants The Paul Revere Life Insurance Company ("Paul Revere"), Unum Life Insurance Company of America ("Unum Life") and Unum Group ("Unum Group") (collectively, "Defendants").[1] Plaintiff seeks to recover disability benefits allegedly owed to her under the terms of her insurance policy with Paul Revere.[2] Before the Court is Unum Life's "Motion to Dismiss, or in the Alternative, for Summary Judgment."[3] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion and grants Plaintiff leave to file an amended complaint.

---

[1] Rec. Doc. 1-1; Rec. Doc. 26.

[2] Rec. Doc. 1-1 at 1; Rec. Doc. 26 at 1.

[3] Rec. Doc. 12.

1

## I. Background

On March 13, 2020, Plaintiff filed a petition in the 24th Judicial District Court in the Parish of Jefferson, State of Louisiana.[4] On May 19, 2020, Defendants removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] On March 17, 2021, Plaintiff filed an amended petition, adding Unum Group as a defendant.[6]

Plaintiff alleges that she purchased a disability insurance policy from Paul Revere in 1991.[7] Plaintiff alleges that she has been disabled for "many years" as a result of an "incisional hernia, diabetes, and other conditions."[8] Plaintiff claims that she notified Defendants of her disabilities "in a timely manner" and "submitted sufficient documentation."[9] Plaintiff contends that Defendants did not begin to pay her benefits under the policy until June 6, 2018, despite her disability beginning prior to this date.[10]

Plaintiff brings claims against Defendants under Louisiana law for (i) penalties, damages, and attorneys' fees under Louisiana Revised Statute § 22:1821, (ii) breach of contract, (iii) detrimental reliance, and (iv) breach of fiduciary duty.[11]

---

[4] Rec. Doc. 1-1.

[5] Rec. Doc. 1.

[6] Rec. Doc. 26.

[7] Rec. Doc. 1-1 at 1; Rec. Doc. 26 at 1.

[8] Rec. Doc. 1-1 at 1–2; Rec. Doc. 26 at 1–2.

[9] Rec. Doc. 1-1 at 2; Rec. Doc. 26 at 2.

[10] Rec. Doc. 1-1 at 2; Rec. Doc. 26 at 2.

[11] Rec. Doc. 1-1 at 2–3; Rec. Doc. 26 at 2–3.

On January 21, 2021, Unum Life filed the instant motion to dismiss, or alternatively, for summary judgment.[12] On February 16, 2021, Plaintiff filed an opposition to the motion.[13] On February 23, 2021, with leave of Court, Unum Life filed a reply in further support of the motion.[14]

## II. Parties' Arguments

### A.   Unum Life's Arguments in Support of the Motion

Unum Life urges this Court to dismiss Plaintiff's claims against Unum Life pursuant to Federal Rule of Civil Procedure 12(b)(6) because the insurance policy at issue "was neither issued, nor administered" by Unum Life and therefore, Plaintiff fails to state a claim against Unum Life.[15] Unum Life notes that the Petition references an insurance policy Plaintiff purchased from Paul Revere, but made no allegations concerning a policy issued by Unum Life.[16] Unum Life contends that Plaintiff was never insured under a policy with Unum Life.[17] While Unum Life and Paul Revere are both subsidiaries of the same parent company Unum Group, Unum Life asserts that they are "separate and distinct insurance companies."[18] Therefore, Unum Life contends that it had no involvement in the administration of Plaintiff's policy with Paul Revere.[19]

---

[12] Rec. Doc. 12.

[13] Rec. Doc. 20.

[14] Rec. Doc. 23.

[15] Rec. Doc. 12-1 at 1, 3.

[16] *Id.* at 3.

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.*

In the alternative, Unum Life argues that it is entitled to summary judgment.[20] Unum Life argues that summary judgment is "appropriate when a plaintiff sues the wrong party."[21] Unum Life contends that "[i]t is undisputed that Unum [Life] [] neither issued the policy at issue, nor did it have any involved in the administration of the policy" and therefore, summary judgment is appropriate.[22]

## B.   *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff contends that dismissal is inappropriate at this stage of the litigation because it is unclear "whether there are separate Paul Revere [] employees, separate Unum Life [] [e]mployees, or if everyone involved is employed by Unum Group."[23] Plaintiff claims that throughout her communications regarding her policy, "employees did not identify themselves by company" and she was sent a letter from "Unum" that "did not differentiate between Unum Group and Unum Life."[24]

Plaintiff alleges that an employee of either Unum Group, Unum Life, or Paul Revere sent her confidential information to a third party.[25] Plaintiff contends that after this privacy breach, she "received an apology letter" from Bonnie S. Gilfillan, who "explicitly identified herself" with

---

[20] *Id.*

[21] *Id.* at 6.

[22] *Id.*

[23] Rec. Doc. 20 at 2.

[24] *Id.*

[25] *Id.* at 3.

4

Unum Life.[26] Therefore, Plaintiff argues there is a disputed issue of fact as to whether Unum Life played a role in the administration of Plaintiff's claim under the policy.[27]

**C.     *Unum Life's Arguments in Further Support of the Motion***

In reply, Unum Life asserts that within the letter sent to Plaintiff by Bonnie S. Gilfillan, now Bonnie Harris, Ms. Harris "explain[ed] that she is a Benefits Compliance Consultant for Unum Group," not Unum Life.[28] Unum Life avers that Ms. Harris has since reviewed the letter and "notes that the letter erroneously identifies Unum Life [] as the insuring entity, when the actual insuring entity is [Paul Revere], as noted in the subject heading in the letter."[29] Unum Life reasserts that it "did not issue a policy to [P]laintiff and has no involvement or connection with [P]laintiff in this matter," and therefore seeks dismissal.[30]

### III. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[31] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[32] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[33]

---

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 23 at 1.

[29] *Id.* at 2.

[30] *Id.*

[31] Fed. R. Civ. P. 12(b)(6).

[32] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[34] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[35] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[36]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[37] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[38] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[39] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[40]

## IV. Analysis

Unum Life contends that Plaintiff's claims against Unum Life should be dismissed because Plaintiff does not allege that she was insured, or denied benefits, under an Unum Life policy. Although Unum Life and Paul Revere are both subsidiaries of Unum Group, Unum Life asserts that it played no part in issuing Paul Revere's policy to Plaintiff or in processing Plaintiff's claim.

---

[34] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[35] *Iqbal*, 556 U.S. at 678.

[36] *Id*.

[37] *Id.* at 677–78.

[38] *Id*. at 679.

[39] *Id*. at 678.

[40] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Alternatively, Unum Life contends that summary judgment is appropriate. In opposition, Plaintiff contends that dismissal is inappropriate at this stage of the litigation because it is unclear whether Unum Life was involved in the administration of Plaintiff's claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[41] Plaintiff alleges that Defendants are liable under Louisiana law for (i) penalties, damages, and attorneys' fees under Louisiana Revised Statute § 22:1821, (ii) breach of contract, (iii) detrimental reliance, and (iv) breach of fiduciary duty.[42] However, Plaintiff has failed to plead any facts supporting a finding of liability as to Unum Life. Plaintiff alleges that Defendants are liable for attorneys' fees and penalties under Louisiana Revised Statute § 22:1821.[43] This statute, however, applies only to claims by an insured against their insurer—nowhere in the Petition or Amended Petition does Plaintiff allege that she had an insurance policy with Unum Life.[44] Likewise, Plaintiff brings a breach of contract claim against Defendants, but does not allege that she entered into a contract with Unum Life.[45] With respect to the detrimental reliance claim, Plaintiff does not allege that she relied on any promises made by Unum Life to her detriment.[46] Finally, Plaintiff brings a breach of fiduciary duty claim yet fails to explain any relationship between Plaintiff and Unum Life that

---

[41] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

[42] Rec. Doc. 1-1 at 2–3; Rec. Doc. 26 at 2–3.

[43] Rec. Doc. 1-1 at 2; Rec. Doc. 26 at 2.

[44] *See* Rec. Doc 1-1 at 1 ("[Plaintiff] brings this action for benefits due to her under a private, individual disability policy purchased from Paul Revere Life Insurance Company in 1991."); Rec. Doc. 26 at 1 ("[Plaintiff] brings this action for benefits due under a private, Long-Term Individual Preferred Professional disability insurance policy, purchased from The Paul Revere Life Insurance Company in 1991.")

[45] Rec. Doc. 1-1 at 2; Rec. Doc. 26 at 3.

[46] Rec. Doc. 1-1 at 2–3; Rec. Doc. 26 at 3.

would have given rise to a fiduciary duty.[47] Thus, Plaintiff has failed to state a claim against Unum Life.

Plaintiff admits that the policy was issued by Paul Revere, not Unum Life. In opposition to the instant motion, Plaintiff appears to suggest that Unum Life could be held liable under a different theory because Unum Life employees may have "played a role in processing the claim."[48] Plaintiff does not allege any facts to support such a claim against Unum Life. However, although Plaintiff has not pleaded facts to support a claim against Unum Life, this does not mean that she could not do so. Short of granting a motion to dismiss, the Court may grant Plaintiff leave to file an amended complaint. Accordingly, at this time, the Court will deny Unum Life's motion to dismiss Plaintiff's claims and grant Plaintiff leave to file an amended complaint to address the deficiencies noted above, if possible.

Considering that the Court is granting Plaintiff leave to file an amended complaint, it denies Unum Life's alternative request for summary judgment without prejudice. Unum Life may raise these issues again, if necessary, after Plaintiff has the opportunity to make the amendment discussed above.[49] The Court further declines to consider at this time any of the documents attached to the instant motion, the opposition, or the reply brief.[50]

---

[47] Rec. Doc. 1-1 at 3; Rec. Doc. 26 at 3.

[48] Rec. Doc. 20 at 3–4.

[49] *Yount v. Rsch. Specialists, Inc.*, No. 07-1218, 2008 WL 4470189, at *4 (E.D. La. Sept. 30, 2008) (Engelhardt, J.).

[50] *Sigaran v. U.S. Bank Nat. Ass'n*, 560 F. App'x 410, 415 (5th Cir. 2014) ("The mere presence of those documents in the record, absent any indication that the district court relied on them, does not convert the motion to dismiss into a motion for summary judgment.").

## V. Conclusion

For the reasons discussed above, Plaintiff has not alleged facts to show that Unum Life is liable to Plaintiff. Rather than dismiss these claims at this time, the Court will grant Plaintiff leave to file an amended complaint.  If, upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Unum Life Insurance Company of America's "Motion to Dismiss, or in the Alternative, for Summary Judgment"[51] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

**NEW ORLEANS, LOUISIANA,** this 3rd day of May, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[51] Rec. Doc. 12.